**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JACOB CATES and TIFFANY CATES, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  3:10-CV-546 |
| | ) | (Phillips) |
| STRYKER CORP., AND | ) | |
| STRYKER SALES CORP., | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is a products liability action arising from the insertion of a pain pump allegedly manufactured, sold, and distributed by Stryker into the shoulder of plaintiff Jacob Cates following arthroscopic shoulder surgery. Plaintiffs have asserted claims against defendants for negligence, strict liability, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, fraud and deceit, and violation of the Tennessee Consumer Protection Act.

Defendants Stryker Corporation and Stryker Sales Corporation (Stryker) have moved to dismiss plaintiffs' complaint on the following grounds: (1) plaintiffs' claims for negligence and strict liability are barred by Tennessee's one-year statute of limitations; (2) plaintiffs' claims for breach of express warranty and breach of implied warranty are barred by Tennessee's four-year statute of limitations; (3) plaintiffs' claims for fraud fail to identify

the alleged misrepresentations or omissions with particularity as required by Rule 9(b); (4) plaintiffs' claim for violation of the Tennessee Consumer Protection Act is barred by the statute of limitations; (5) plaintiffs cannot show by clear and convincing evidence that defendants acted with the requisite level of culpability for an imposition of punitive damages; and (6) Tiffany Cates derivative claim for loss of consortium fails as plaintiffs fail to state any valid underlying claim.

Plaintiffs have responded in opposition to defendants' motion asserting: (1) their claims are tolled because of Tennessee's discovery rule and by defendants' fraudulent concealment; (2) plaintiffs concede their claims for breach of express warranty and breach of implied warranty are barred; (3) their claims for fraud are pled with sufficient specificity to meet the liberal pleading standards under the Federal Rules of Civil Procedure; (4) their claims for violation of the Tennessee Consumer Protection Act are not barred by the statute of repose contained in Tenn. Code Ann. § 47-18-110; (5) their complaint shows by clear and convincing evidence that Stryker acted with the requisite level of culpability to award punitive damages; and (6) Tiffany Cates' claim for loss of consortium is valid.

## I.  Factual Background

Plaintiff Jacob Cates underwent arthroscopic shoulder surgery on January 21, 2005.  His orthopedic surgeon inserted a Stryker pain pump that injected pain relief medication into the shoulder joint.  Pain pumps are commonly used medical devices for post-surgery pain relief in orthopedic procedures.  Pain pumps work by bathing the surgical site with a constant source of local anesthetic, delivered via a "soaker" catheter implanted

2

during the surgery. Cates alleges that the delivered anesthetic is toxic to the chondral cartilage, which is the cartilage that makes up the articular surfaces in the shoulder. Cates further alleges that once the anesthetic kills the chondrocytes (the cells that make up the chondral cartilage), the shoulder is irreparably damaged and the chondrocytes will not regenerate. This progresses to a condition known as glenohumeral chondrolysis, which results in constant pain and loss of full use of the shoulder and/or arm. There is no effective treatment for glenohumeral chondrolysis, and many patients ultimately require shoulder replacements.

Cates alleges that the pain pump injected the local anesthetic products into his shoulder joint on a continuous basis for up to 72 hours or more following the surgery. Cates claims as a result of the use of the pain pump, he has experienced and/or is at risk of experiencing serious and dangerous side effects including but not limited to, loss of shoulder mobility and range of motion, and loss of use of his shoulder.

## II.   Standard for Rule 12(b)(6) Dismissal

Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A dismissal for failure to state a claim is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitled him to relief. *Stemler v. City of Florence*, 350 F.3d 578, 590 (6th Cir. 2003). In determining whether a motion to dismiss should be granted, a district court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them. *In re Sofamor*

3

*Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir. 1997). The district court, however, need not accept legal conclusions or immaterial factual inferences. *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 325 (6th Cir. 1999).

The Supreme Court clarified the pleading standard necessary to survive a Rule 12(b)(6) motion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), holding that a complaint's factual allegations must "raise a right to relief above the speculative level," and must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. At the very least, dismissal under Rule 12(b)(6) is proper where the complaint lacks an allegation regarding an element necessary to obtain relief. *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005).

## III. Analysis

**A.    Plaintiff's Personal Injury Claims are Timely under Tennessee's Discovery Rule**

Tennessee Code Annotated § 28-3-104 mandates that an action "for any injuries to the person . . . shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). In products cases, an action for personal injury accrues "on the date of the personal injury." *Id.* at (b)(1). Cates alleges that his injury occurred when a Stryker pain pump was inserted into his shoulder joint after arthroscopic surgery on January 21, 2005. He filed his complaint on November 12, 2010, nearly six years after his injury allegedly occurred. Therefore, it appears that plaintiff's claim would be barred by the one-year statute of limitations.

Cates asserts, however, that Tennessee's discovery rule tolls the statute of limitations in this case. The court agrees. While under § 28-3-104 a case normally must be filed within one year of injury, Tennessee law requires that a plaintiff have knowledge of his injury before the statute of limitations clock begins to run against him. *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 532 (Tenn. 1998). The Tennessee Supreme Court in *Roe v. Jefferson* stated the discovery rule tolls the statute of limitations until the plaintiff discovers, or reasonably should have discovered, the occasion, the manner, and the means by which a breach of duty occurred that produced his injuries; and the identity of the defendant who breached the duty. *Roe*, 875 S.W.2d 653, 656 (Tenn. 1994). The requirements for tolling the statute of limitations was set out in *John Kohl & Co.,* as follows:

> [T]he discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage – and actual injury – as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that his injury was caused by the defendant's wrongful or negligent conduct.

*John Kohl & Co.,* 977 S.W.2d at 532.

The discovery rule is recognized to protect those making claims "by ensuring that the period during which . . . suit can be filed does not expire before discovery . . of the injury." *Sherrill v. Souder*, 325 S.W.3d 584 (Tenn. 2010). The discovery rule rests on the idea that a plaintiff cannot have a tenable claim for the recovery of damages unless and until he has been harmed. Damage claims in cases involving hidden injuries or illnesses therefore are viewed as not accruing until the harm becomes apparent. *See Shadrick v. Coker*, 963 S.W.2d 726.

Here, Cates alleges in his complaint that he "did not discover, nor could he have reasonably discovered by the exercise of reasonable diligence, that he had been injured and was suffering from various injuries related to or caused by" Striker's pain pump. Cates continued to seek medical treatment for the pain in his shoulder and none of his treating doctors informed him that his shoulder problems were attributable to the pain pump. Thus, Cates did not know the causal relationship between the pain pump and his injury such that the statute of limitations should be triggered.

Stryker's argument that Cates should have discovered his injury based on the "wealth of scientific information available" is unpersuasive. Stryker's pleadings state that "the [medical] literature notes that the cause of chondrolysis is multifactorial and the role of pain pumps in the development of chondrolysis has not been established." Moreover, as recently as November 2009, the FDA issued a statement to the effect that the cause of chondrolysis in the shoulder, even when infusion pumps are prescribed, is unknown. *See Phillippi v. Stryker Corp.,* 2010 WL 2650596, *2 (E.D.Cal. July 1, 2010). It is disingenuous for Stryker to argue that the role of pain pumps in causing chondrolysis is not clear to trained medical people, yet argue that Cates, a layperson with no medical training, should have discovered that the use of a pain pump may have caused his continuing shoulder problems. Further, the scientific information Stryker references is included in scientific journals which were not reasonably available to Cates, and he cannot be held responsible for discovering his injury based on scientific information that was not available to him. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Shadrick*, 963 S.W.2d at 734.

6

Cates' complaint states that he first learned that he suffered a wrongful injury, separate and apart from his underlying pre-existing shoulder injury, in March 2010. His complaint filed on November 11, 2010, was within the one-year statute of limitations based on Tennessee's discovery rule. Accordingly, Stryker's motion to dismiss his claims for negligence and strict liability is **DENIED.**

**B.      Plaintiffs' Claims for Breach of Express Warranty and Breach of Implied Warranty are Barred by Tennessee's Four-Year Statute of Limitations**

Stryker asserts that Cates' claims for breach of express warranty and breach of implied warranty should be dismissed because plaintiffs did not bring these claims within the four-year statute of limitations set forth in Tenn. Code Ann. § 47-2-725(1). In their response to Stryker's motion, plaintiffs concede that their claims for breach of express warranty and breach of implied warranty are barred. Accordingly, Stryker's motion to dismiss these claims is **GRANTED.**

**C.      Plaintiffs have Sufficiently Alleged Claims for Fraud under Rule 9(b)**

Stryker asserts that plaintiffs' fraud claims should be dismissed because plaintiffs failed to state such claims with particularity as required by Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Rule 9 is not to be read in isolation, but is to be interpreted in conjunction with Federal Rule of Civil Procedure 8. *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir. 1988).

7

Rule 8 requires only "a short and plain statement of the claim" made by "simple, concise, and direct allegations." *Id.* Rule 8 is commonly understood to embody a regime of "notice pleading" whereby technical pleading requirements are rejected in favor of an approach designed to reach the merits of an action. *United States v. Community Health Sys. Inc.*, 501 F.3d 493, 503 (6th Cir. 2008). When read against the backdrop of Rule 8, it is clear that the purpose of Rule 9 is not to reintroduce formalities to pleading, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct. *Id.* "The purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co.,* 848 F.2d at 679.

In complying with Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993). Each case must be considered on its own facts to determine whether the facts, as alleged, satisfy the underlying purposes of Rule 9(b). Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control. *Michaels Bldg. Co.*, 848 F.2d at 679.

Here, plaintiffs allege that Stryker possessed knowledge of an epidemiological correlation between pain pumps and glenohumeral chondrolysis. Further, the alleged instances of fraud are peculiarly within Stryker's knowledge or control. There has been no

8

discovery in this case.   At this juncture in the proceedings, the court finds that the plaintiffs'

complaint adequately pleads the "who, what, where, when, and how of the alleged fraud

charges, and Stryker's motion to dismiss the fraud counts (fraudulent misrepresentation,

fraudulent concealment, fraud and deceit, and negligent misrepresentation) is **DENIED.**


**D.** **Plaintiffs' Claims under the Tennessee Consumer Protection Act are Barred
by the Five-Year Statute of Repose**

The Tennessee Consumer Protection Act (TCPA) provides a private right of

action to "[a]ny person who suffers an ascertainable loss of money or property . . . as a

result of . . . an unfair or deceptive act or practice . . . . " Tenn. Code Ann. § 47-18-109.

Any action brought under the TCPA must be commenced within one (1) year of the

plaintiff's discovery of the unlawful act or practice, "but in no event shall an action under

§47-18-109 be brought more than five (5) years after the date of the consumer transaction

giving rise to the claim for relief."  Tenn. Code Ann. § 47-18-110.  Stryker asserts that

Cates' surgery, during which the pain pump was inserted into his shoulder, took place on

January 21, 2005.   Thus, the consumer transaction giving rise to his claim must have

occurred on or before January 21, 2005.  Plaintiffs filed their complaint on November 12,

2010, well over five years after the transaction allegedly giving rise to their TCPA claim

occurred.  Therefore, Stryker argues that plaintiffs' TCPA claim is barred by the five-year

statute of repose set forth in Tenn. Code Ann. § 47-18-110.


Plaintiffs respond that the statute of repose contained in Tenn. Code Ann. §

47-18-110 may be tolled by a showing of fraudulent concealment and the toll continues until

9

the reasonably diligent plaintiff discovers the fraud, relying on *French v. First Union Securities, Inc.,* 209 F.Supp.2d 818, 826 (M.D.Tenn. 2002) and *Fahrner v. S.W. Mfg. Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001). Plaintiffs' reliance on *French* is misplaced. In *French*, the District Court for the Middle District of Tennessee relied on the Supreme Court of Tennessee's decision in *Fahrner* to find that the TCPA's statute of limitation and statute of repose may be tolled by a showing of fraudulent concealment. *French*, 209 F.Supp.2d at 826. *Fahrner,* however, only discusses the applicability of fraudulent concealment to tolling statutes of limitations, not its application to tolling statutes of repose. *Fahrner*, 48 S.W.3d at 145-46. Therefore, the court does not find *French* or *Fahrner* dispositive on this issue.

Instead, the court finds instructive the reasoning of the Tennessee Supreme Court in *Penley v. Honda Motor Co. Ltd,* where the court interpreted statutes of repose like the TCPA's five-year limit as "an absolute time limit within which actions must be brought" and "characterizes the statute of repose as an outer limit or ceiling superimposed upon the existing statute of limitations." *Penley*, 31 S.W.3d 181, 184 (Tenn. 2000); *see also Roberson v. Medtronic*, 494 F.Supp.2d 864, 872 (W.D.Tenn. 2007). While the Tennessee legislature has specifically stated that particular statutes of repose are subject to tolling by a showing of fraudulent concealment, the legislature has not provided for tolling of the statute of repose found in the TCPA. The statute of repose states that "*in no event* shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief." Tenn. Code Ann. §47-18-110 (emphasis added). The statute makes no mention of an exception for tolling the statute of repose by a showing of fraudulent concealment.

10

Moreover, in *Roberson v. Medtronic Inc.,* the District Court for the Western District of Tennessee granted defendant medical device manufacturer's motion to dismiss the plaintiffs' TCPA claims as time barred under Tenn. Code Ann. § 47-18-110. *Roberson*, 494 F.Supp.2d 864, 872 (W.D.Tenn. Apr. 23, 2007). The court noted that "the Tennessee Supreme Court has interpreted statutes of repose like § 47-18-110's five-year limit as absolute time limits within which action must be brought." *Id.* (citing *Penley v. Honda motor Co., Ltd.,* 31 S.W.3d 181, 184 (Tenn. 2000)). The consumer transactions giving rise to the plaintiff's claims in *Roberson* occurred on July 7, 2000 and August 16, 2000, but the plaintiffs did not file their complaint until November 13, 2006. Accordingly, the court held that the plaintiffs failed to assert their TCPA claim within the five-year statute of repose and dismissed the claim. *Id.*

Here, Cates' surgery, during which the pain pump was inserted into his shoulder, took place on January 21, 2005. The consumer transaction giving rise to his claim occurred on or before January 21, 2005. Plaintiffs filed their complaint on November 12, 2010, well over five years after the transaction allegedly giving rise to plaintiffs' TCPA claim occurred. Accordingly, the court finds that plaintiffs' TCPA claim is time barred by the five-year statute of repose set forth in Tennessee Code Ann. § 47-18-110, and is hereby **DISMISSED**.

**E.      Plaintiffs have Sufficiently Alleged a Claim for Punitive Damages**

Stryker argues that plaintiffs' punitive damages claim must be dismissed because on the face of the complaint, Stryker has not acted with intentional, fraudulent,

malicious or reckless intent. In support of its argument, Stryker avers that given the uncertainty within the medical community regarding the causal connection between the development of chondrolysis and the use of pain pumps, plaintiffs cannot prove that Stryker intentionally or fraudulently misrepresented the risk, or that Stryker was aware of and consciously disregarded the risk.

The Tennessee law on punitive damages holds that "to be entitled to an award of punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant acted either intentionally, fraudulently, maliciously or recklessly. *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896, 901 (Tenn. 1992). A person "acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon that representation." *Id.* Further, punitive damages "are available when . . . gross negligence . . . intervenes in any kind of action." *Woodruff v. Nat'l Life Ins. Co.,* 2008 WL 1734194, *5 (E.D.Tenn. Apr. 10, 2008).

Plaintiffs' complaint alleges the following facts: the defendants designed, manufactured, and distributed pain pumps; their pain pumps were designed and intended to be used with common anesthetics; the continuous injection of such medications over time into the shoulder joint can cause serious and permanent damage to the cartilage in the shoulder joint (a condition called chondrolysis); the defendants represented to the public and to healthcare professionals that their pain pumps were safe and effective and that they could be used in the shoulder joint; the defendants knew that the FDA had not

12

approved their pain pumps for use in the joint space and had repeatedly rejected their requests for permission to market the pumps; the defendants knew or should have known that, when used with anesthetic medications in the joint space, the pumps could be toxic to shoulder joint cartilage; the defendants did no meaningful studies to determine the toxicity of their pain pumps to human cartilage when used with anesthetics in the joint space; the defendants knew that the safety of their pain pumps for orthopedic and joint space use had not been established; the defendants nevertheless actively promoted their pain pumps for orthopedic use in the joint space, despite the FDA's denial of permission to market them for those indications and despite their failure to test the pumps for safety in the joint space; and the defendants never warned the public that the safety of using pain pumps in the joint space had never been established.

As stated previously, the court finds that plaintiffs have pleaded their fraud claims with sufficient specificity to meet the requirements of Rule 9(c). Plaintiffs have been afforded no discovery in this case, and the court finds the motion to dismiss their claim for punitive damages to be premature. This is a matter more properly addressed on summary judgment after the parties have had an opportunity to conduct discovery. Accordingly, defendant's motion to dismiss plaintiffs' punitive damages claim is **DENIED.**

F.      **Tiffany Cates' Loss of Consortium Claim is Valid**

Stryker moves to dismiss Tiffany Cates' claim for loss of consortium on the ground that none of plaintiffs' underlying claims state a claim upon which relief can be granted. For the reasons previously stated, the court finds that plaintiffs have stated valid

claims for negligence, strict products liability, and fraud.  Accordingly, defendant's motion to dismiss Tiffany Cates' claim for loss of consortium is **DENIED.**

### IV.   Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiffs' complaint [Doc. 6] is **GRANTED in part and DENIED in part** – the motion is **DENIED** as to plaintiffs' claims for negligence, strict products liability, fraud, punitive damages, and loss of consortium; and **GRANTED** as to plaintiffs' claims for breach of express warranty, breach of implied warranty, and violation of the Tennessee Consumer Protection Act; such claims are hereby **DISMISSED.**

**IT IS SO ORDERED.**

ENTER:

           s/ Thomas W. Phillips
United States District Judge

14